Tatxor, Chief Justice. —
 

 One object of this bill is, to postpone a judgment confessed by
 
 Joel
 
 to
 
 Mfvrshal Dicken-son,
 
 to the complainant’s demand ascertained by judgment, against the former. The allegation of fraud in the.
 
 *225
 
 confession of the judgment, and in keeping it on foot to cover the property from other creditors, is abundantly 'established by the depositions in the cause» The circumstances disclosed are numerous, and of great variety of character, yet all conducive to the same result, and it is impossible to resist their united effect. Those which principally influence the judgment of the Court, will be briefly stated, though there are others of minor importance which have had some share in the formation of our opinion.
 

 The judgment was confessed for upwards of áix thousand dollars, and purports to be founded on an account consisting of several items. One is a charge against
 
 Joel
 
 for the amount of purchases made at the sale; now the sale was upon twelve months credit, and it is improbable that
 
 Joel
 
 would expose himself to an immediate execution, for what he was not then liable. Besides, several of the purchasers ot unimpeached credit, show that they paid the amount of what they bought to
 
 Marshall
 
 himself. There is other evidence to the fact, tiiat some of the notes, given to
 
 Joel
 
 for purchases were in
 
 Marshall’s
 
 possession, and that some were transferred byhim after he administered. No satisfactory explanation is made why these sums were not applied to the credit of the judgment. There aré other items in the account, which at the date of the judgment
 
 Joel
 
 had not collected or applied to his own use; and one which, according to
 
 Buck’s
 
 deposition,
 
 Marshall
 
 had received the whole of. The charge of lumber from the mills, appears from one of the depositions to be unfounded, inasmuch as there was not more on hand than was, necessary for their repairs. Another strong evidence of the quality of this transaction arises from
 
 Green’s
 
 execution, which, after it was satisfied out of
 
 Joel’s
 
 funds,
 
 Marshall
 
 caused to be levied upon the house and lot. The charge for
 
 Williams
 
 and
 
 Joel’s
 
 note to
 
 May,
 
 is exposed to very serious suspicions. No charge was made fbr it by
 
 Sheppard
 
 against his sons-in-law, and it is rd>
 
 *226
 
 then to be inferred that he intended it as an advancement to his sons-in-law; for the note is produced cancelled, and without any assignment, nor is any security taken from them.
 

 And there is direct evidence that
 
 Joel
 
 had declared his deliberate purpose to defeat the complainant’s claim, and the whole contrivance seems to be directed to that end. When to this are added, the relationship, intimacy and confidence subsisting between the parties; that
 
 Marshall,
 
 though succeeding to the trust held by
 
 Sheppard,
 
 allowed
 
 Joel
 
 the uncontrolled use of his property, the management of his vessels, and the direction of his mercantile concerns, without applying any credits to this judgment; the manner of confessing the judgment, by the plaintiff’s attorney under a power of attorney from the defendant; the apparent want of resources of
 
 Marshall
 
 when selected to administer; the disappearance of
 
 Sheppard’s
 
 estate, without any administration accounts being settled; to can come to no other conclusion than that the judgment was covinous. It must therefore be postponed to
 
 Leroy’s
 
 demand, and
 
 Marshall
 
 enjoined from proceeding on it as to Leroy.